UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF CALIFORNIA

CLINT JONES,  )
                     ) NO. CV-07-0191-LRS
                     )
    Petitioner,   ) **ORDER DENYING**
                     ) **§2254 PETITION**
  v.                 )
                     )
T. FELKER, et al.,   )
                     )
    Respondents.  )
_____ )

**BEFORE THE COURT** is the Petitioner's Petition for Habeas Corpus Relief pursuant to 28 U.S.C. Section 2254 (Ct. Rec. 1).

**I. DISCUSSION**

Federal habeas corpus relief is not available for any claim decided on the merits in state court proceedings unless the state court's adjudication of the claim: (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established law as determined by the Supreme Court of the United States; or (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceedings. 28 U.S.C. § 2254(d).

Under Section 2254(d)(1), a state court decision is "contrary to" clearly established Supreme Court precedent if it applies a rule that contradicts the governing law set forth in Supreme Court cases, or if it confronts a set of facts that are materially indistinguishable from a decision of the Supreme Court and nevertheless arrives at a different result. *Williams v. Taylor*, 529 U.S. 362, 413 (2000). The term "unreasonable application" has a meaning independent from that

**ORDER DENYING**
**§2254 PETITION -**           **1**

of the term "contrary to." A state court's decision is an unreasonable application of clearly established Supreme Court precedent "if the state court identifies the correct governing legal principle from [the Supreme Court's] decisions, but unreasonably applies that principle to the facts of the prisoner's case." *Id*. A federal habeas court "may not issue the writ simply because that court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly. Rather, that application must also be unreasonable." *Id*. at 411. A federal habeas court making an "'unreasonable application' inquiry should ask whether the state court's application of clearly established federal law was objectively unreasonable." *Id*. at 409. This is a "'highly deferential standard for evaluating state court rulings'" and "'demands that state court decisions be given the benefit of the doubt.'" *Clark v. Murphy*, 331 F.3d 1062, 1067 (9th Cir. 2003)(citations omitted).

In determining whether a state court decision is "contrary to" or an "unreasonable application" of federal law under §2254(d)(1), the federal court looks to the last reasoned state court decision as the basis for the state court judgment. *Barker v. Fleming*, 423 F.3d 1085, 1091-92 (9th Cir. 2005); *Avila v. Galaza*, 297 F.3d 911, 918 (9th Cir. 2002). In the captioned matter, the last reasoned state court decision is that rendered by the California Court of Appeal, Third Appellate District, in *People v. Jones*, 2006 WL 3064090 (October 30, 2006). The California Supreme Court subsequently and summarily denied Petitioner's petition for review.

**A. Fourth Amendment Argument (Ground 1)**

Petitioner argues that the trial court erred in denying his motion to suppress the evidence of the movement of his truck which resulted from the placement of global positioning device (GPS) in the truck pursuant to a condition of probation.

Under clearly established Supreme Court case law, Petitioner's Fourth Amendment claim is barred. *Stone v. Powell*, 428 U.S. 456, 494 (1976). Further,

**ORDER DENYING**
**§2254 PETITION -**         2

as the record and opinion of the Court of Appeals show, Mr. Jones was given a full and fair opportunity to litigate his Fourth Amendment claim and received an evidentiary hearing in the trial court. Additionally, Petitioner's argument regarding the placement of a GPS unit in his truck is barred by his procedural default in failing to raise the issue in the trial court and because it would require a new rule, the latter being prohibited under *Teague v. Lane*, 489 U.S. 288 (1989). Moreover, Petitioner has not shown cause and prejudice required under *Sawyer v. Whitley*, 505 U.S. 333, 338 (1992)("Unless a habeas petitioner shows cause and prejudice . . . , a court may not reach the merits of . . . procedurally defaulted claims in which the petitioner failed to follow applicable state procedural rules in raising claims . . .").

Here, at the trial court level, Petitioner argued in support of his motion to suppress, that the continuous surveillance through GPS was harassing. On appeal, Petitioner did not argue that he was subjected to harassment, but instead that reasonable suspicion was required to support the search, relying on *United States v. Knights*, 534 U.S. 112 (2001). The Court of Appeal agreed with Respondent's argument that the issue was forfeited by Petitioner's failure to raise it in the trial court. (Opn. at 3-10.) The court explained:

> Here, defense counsel repeatedly advised the court and the prosecution that his motion was limited to the question whether the installation and monitoring of the GPS unit constituted harassment under *People v. Reyes* (1998) 19 Cal.4th 743 [fn. 8 omitted], a claim he does not raise on appeal. The claim he does raise on appeal was not made in the trial court. To the contrary, when the prosecution attempted to elicit testimony in support of the question whether installation of the GPS unit was reasonable, defense counsel interrupted and narrowed the issue to one of harassment. Although respondent addresses the merits of this claim, indicating the trial court did not limit the evidence and that there is substantial evidence connecting defendant to the burglaries, we will not take that measure because the trial court was never presented with and did not determine the factual predicate necessary to resolve the claim raised on appeal. Accordingly, because defendant failed to properly raise the issue in the trial court, he has forfeited

**ORDER DENYING**
**§2254 PETITION -** 3

his claim for appellate review.
(Opn. at 9-10.)

This court concludes that Petitioner's Fourth Amendment argument is barred and finds the Court of Appeal finding in this regard was not contrary to, and did not involve an unreasonable application of, clearly established law as determined by the Supreme Court of the United States. Petitioner is not entitled to habeas relief under Ground 1.

**B. Ineffective Assistance of Trial Counsel (Ground 2)**

Related to Ground 1, Petitioner claims that trial counsel acted incompetently in relying on the argument that the GPS monitoring constituted harassment. In addressing Petitioner's challenge to counsel's performance in this regard, the Court of Appeal held:

> [D]efendant has failed to make even a bare bones showing that counsel was incompetent or that he was prejudiced. (*Strickland v. Washington* (1984) 466 U.S. 668, 689-690, 693 [80 L.Ed.2d 674, 694-695, 697].) Because we presume neither incompetence nor prejudice, defendant has the burden of establishing both of these elements. (Id. at pp. 689, 693 [at pp. 695, 697].) He has failed to do so, providing no factual analysis or citation to the record to support this contention. Suffice it to say, if the police had reasonable suspicion that defendant engaged in criminal conduct, his motion would have been properly denied under *Knights*. Because the record fails to establish that counsel had reason to believe otherwise or that the *Knights* standard could not be met, defendant cannot establish either prong. Accordingly, he has failed to establish he was denied the effective assistance of counsel.

(Opn. at 12-13.)

In addressing the issue of ineffective assistance of counsel, the Court is guided by the now-familiar construct of *Strickland v. Washington*, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984), which the petitioner acknowledges is the relevant standard. As required by that analytical framework:

> First, the defendant must show that counsel's performance was deficient. This requires showing that counsel made errors so serious that counsel was not functioning as the "counsel" guaranteed the defendant by the Sixth Amendment. Second, the defendant must show that the

**ORDER DENYING
§2254 PETITION -** 4

> deficient performance prejudiced the defense. This requires showing that counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable.

Id. at 687.

Establishing these two elements is not easy: "the cases in which habeas petitioners can properly prevail on the ground of ineffective assistance of counsel are few and far between." *Waters v. Thomas*, 46 F.3d 1506, 1511 (11th Cir.1995) (en banc) (*quoting Rogers v. Zant*, 13 F.3d 384, 386 (11th Cir.1994)).

Under the circumstances of this case, competent counsel could reasonably conclude that the harassment argument would have a greater chance of success than an argument that reasonable suspicion was required for a probation search. The facts which do appear in the record amply support the conclusion that the search was supported by reasonable suspicion. (See Opn. at 5, noting certain pertinent facts.) Thus, the record fails to show that counsel was required to argue that there was no reasonable suspicion. In addition, Petitioner fails to show a reasonable probability that the verdicts would have been different if the GPS tracking evidence had been excluded. Petitioner was convincingly connected to all of the burglaries and attempted burglaries of which he was convicted without GPS evidence.

This court concludes that Petitioner has failed to show prejudice under *Strickland* . The finding of the Court of Appeal as to this matter was not contrary to, and did not involve an unreasonable application of, clearly established law as determined by the Supreme Court of the United States. Petitioner is not entitled to habeas relief under Ground 2.

### C. Self-Representation (Ground 3)

Petitioner argues that the trial court erred in refusing to grant his request to represent himself. Respondent contends that the trial court did not abuse its discretion in denying the motion because it was made shortly before trial and would have caused serious disruption in a complicated case. Ct. Rec. 18 at 27.

**ORDER DENYING
§2254 PETITION -** 5

The Court of Appeal found that the trial court did not abuse its discretion in denying the motion. It explained:

> Made on the eve of trial when both counsel were ready to proceed, defendant's request was untimely and was based on the same grounds rejected by the court when it denied his *Marsden* motion [for substitute counsel]. Moreover, defendant's request included a request for a four-week continuance that by itself would have required a January trial date. However, the grant of any continuance would have violated the mandate of section 1048, subdivision (b), which requires that a case involving victims or witnesses over 70 years of age be tried within 30 days of arraignment unless good cause is found. The trial was already confirmed to begin almost 18 months after defendant was arraigned and defendant failed to establish good cause for a further continuance. The denial of a continuance under these circumstances was proper.
>
> Defendant claims however, that he tried to make his motion on October 7th and again on October 14th when he was ignored by the court after it denied his *Marsden* motion. The record indicates that defendant made no effort to raise a *Faretta* motion on October 7. On October 14th, the record reflects that he attempted to speak to the court but was cut off because the court concluded it had ruled on all matters properly before it. [N. 9.] So while the record is silent as to defendant's intentions, it clearly reflects that he did not give the prosecution or the court any notice of his intent to make a *Faretta* motion that day.
>
> [N. 9.] After the court denied defendant's *Marsden* motion, defendant stated "I would like to address the Court again." The court stated, "No, sir. Thank you. You are remanded to the custody of the Placer County Sheriff" whereupon counsel stated "What my client" whereupon the court said: "There's nothing else before me today. I'm not prepared to listen to anymore comments. We've done the Motion to Continue, and the *Marsden*, and that's all we're going to hear today. Thank you." [End of note.]
>
> In any event, defendant does not dispute the trial court's premise that a delay in the trial until January would have been necessary if his request had been granted. Because that would have been a substantial and unjustified delay, we find no abuse of discretion.

(Opn. at 16-18.)

This court finds that the state court decisions were not an objectively unreasonable application of *Faretta*, the only controlling United States Supreme

**ORDER DENYING  
§2254 PETITION -**            **6**

Court opinion. *Hirshfield v. Payne*, 420 F.3d 922, 926 (9th Cir. 2005). Had the trial court granted Petitioner's request to represent himself on the eve of trial, the undersigned agrees with the Court of Appeal in that the result would have been a substantial and unjustified delay in a complex trial involving several elderly witnesses. (Opn. At 18). None of the factors present in this case existed in *Faretta*. As such, Petitioner is not entitled to habeas relief under Ground 3.

### D. State Court Addressing All Issues (Ground 4)

Petitioner argues that he was denied his due process right to appellate review of his conviction because the Court of Appeal failed to address all of his arguments. More specifically, Petitioner asserts the state court refused to review the following claims: (1) that the placement of the GPS device in defendant's truck was an unreasonable search; and (2) that defendant's rights as a probationer were infringed by the failure of the lower court to use the entirety of the circumstances standard for assessing Fourth Amendments rights set forth in *Samson v. California*. Additionally, Petitioner submits, the Court of Appeal ignored portions of the record that supported defendant's claims on appeal, specifically that the GPS installation and monitoring were challenged under the Fourth Amendment by trial counsel in a written motion properly filed and served.

Respondent counters that the Court of Appeals addressed Petitioner's claims but simply found that the facts were not as Petitioner argued.

This court concludes that Petitioner's characterizations of the state court's opinion are incorrect. As discussed above in section A, the Court of Appeal did not refuse to review Petitioner's claim that the placement of the GPS device in his truck was unreasonable search, but instead found that the only claim which was made in the trial court regarding the placement of the device was not argued on appeal. Petitioner had argued in the trial court that the placement of the device constituted harassment, but Petitioner declined to argue the point on appeal.

Contrary to Petitioner's premise, *Samson v. California*, 126 S.Ct. 2193,

**ORDER DENYING**
**§2254 PETITION -**         **7**

2197 (2006), did not "set forth" a "standard" for probation searches. Instead, it stated that the general Fourth Amendment reasonableness standard applied to parole searches. *Id*. Since the Court of Appeal discussed *Knights* (Opn. at 8), it was not required to discuss *Samson*, a case with less similarity to the instant case because it involved a parole, rather than a probation, search. Since the court found a state procedural bar to Petitioner's *Knights* argument, it was not required to address the argument on the merits.

Petitioner next argues that the state court made its decision on the *Faretta* issue (self-representation) without acknowledging trial counsel's representation in the lower court that defendant actually tried to make his motion on October 7 and was prevented from doing so. Respondent counters that neither the trial court nor the Court of Appeal was required to consider counsel's uncorroborated representation that Petitioner "tried" to make a *Faretta* motion on October 7 where, as the record shows, Petitioner "made no effort to raise a *Faretta* motion on October 7." (Opn. at 17.) Respondent notes that the record squarely contradicts counsel's suggestion that Petitioner was "prevented from" making a motion. Petitioner was present and there is no indication that he was restrained from speaking.

The undersigned finds that the state court did address all issues Petitioner claims were not addressed, albeit not in Petitioner's favor. Petitioner is not entitled to habeas relief under Ground 4.

## II. CONCLUSION

For the foregoing reasons, Petitioner's §2254 Petition (Ct. Rec. 1) is **DENIED**.

**IT IS SO ORDERED**. The District Court Executive is directed to enter this order and forward a copy to the Petitioner and to counsel for the Respondent.

/ / /

/ / /

**ORDER DENYING**
**§2254 PETITION -** 8

1 | Judgment shall be entered accordingly.
2 | **DATED** this ___27th___ day of April, 2009.

*s/Lonny R. Suko*
_____
LONNY R. SUKO
United States District Judge

**ORDER DENYING**
**§2254 PETITION -** 9